IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RYAN VANWINKLE,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN BENNETT, et al.,<br><br>    Defendants. | Case No. 22-CIV-192-RAW |

**OPINION AND ORDER**
**DENYING MOTION FOR APPOINTMENT OF COUNSEL**

Plaintiff Ryan Vanwinkle has filed a motion requesting the court to appoint counsel [Docket No. 30] based upon the complexity of the case. Appointment of counsel in civil cases is disfavored and rare. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir.1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995).

Plaintiff bears the burden of convincing the court that his claim has sufficient merit to warrant appointment of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *United States v. Masters*, 484 F.2d 1251, 1253 (10th Cir. 1973)).

The court has carefully reviewed the merits of plaintiff's claims, the nature of factual issues raised in his allegations, and his ability to investigate crucial facts. *McCarthy*, 753 F.2d at 838 (citing *Maclin v. Freake*, 650 F.2d 885, 887-88 (7th Cir. 1981)). After considering plaintiff's ability to present his claims and the complexity of the legal issues raised by the claims, the court finds that appointment of counsel is not warranted. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *see also Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).

Accordingly, the Plaintiff's Motion for Appointment of Counsel [Docket No. 30] is DENIED.

**IT IS SO ORDERED** this 25th day of March 2024.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**