IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

RYAN VANWINKLE,

    Plaintiff,

v.

JOHN BENNETT, *et.al.*,

    Defendants.

Case No.22-CIV-192-RAW

## OPINION AND ORDER

Before the court is the Motion to Dismiss of Jack Thorp, John Bennett, Haley Robinson and Jordan Dalgleish [Docket No. 24] and the Motion to Dismiss of Judge John David Lutton [Docket No. 25] requesting that the court dismiss Plaintiff's Complaint pursuant to Fed. R.Civ.P. 8 and Fed.R.Civ.P. 12(b)(1),(5), and (6).

Plaintiff filed his Complaint against the Defendant, which includes a list of 16 statutes and the following statement of claim:

> John David Lutton, John Bennett, Haley Robinson, Jack Thorp, Jordan Dalgeish all representing the State of Oklahoma took part in malicious Prosecution, Corruption, and Violation of United States Code and United States Constitution. All willing took place in criminal and civil violations against the Plaintiff, endangering his life and attempted to ruin the Plaintiffs reputation and even placed his children's lives in danger. All the above mentioned defendants knowingly and willfully took part in false accounts against the Plaintiff knowing charges were not supported by probably cause. The plaintiff is in fear of his life, safety, and civil liberties and human rights from retaliation from the Defendants.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

1

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).  A complaint must contain sufficient factual matter, accepted as true, to "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Brokers' Choice of Am., Inc. v. NBC Univ., Inc., 861 F.3d 1081, 1104 (10th Cir. 2017) (*quoting *Twombly*, 550 U.S. at 579).

Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).  In a case against multiple defendants, "it is particularly important…that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations…" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (emphasis in original).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact."

2

Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in his complaint. Rather, "[I]t suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

The court may dismiss an action pursuant to 28 U.S.C. § 1915(e)(2)(B) when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). The term "frivolous" refers to "the inarguable legal conclusion" and "the fanciful factual allegation.'" *Id*. (citation omitted). Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

Here the Plaintiff provides a few sentences in the statement of facts which are merely conclusory allegations, with no logical facts to explain his claims. Further, there are no facts to delineate what claims are made against each individual defendant. *

IT IS THEREFORE ORDERED AS FOLLOWS:

1. Defendants Jack Thorp, John Bennett, Haley Robinson and Jordan Dalgleish's Motion to Dismiss [24] is GRANTED.

---

\* In their motions, defendants have included additional grounds for dismissal of this action; however, the court need not address every possible argument as only the sufficiency of the Complaint is before the court at this stage.

2. Defendant Judge John David Lutton's Motion to Dismiss [25] is GRANTED.

3. Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed without prejudice.

IT IS SO ORDERED this 28th day of March, 2024.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**